IN THE UNITED STATES DISTRICT COURT
FOR THE NORTERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Patsy Smith and Heather Marlowe-Rea, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 09 C 5888 |
| | ) | |
| Pinnacle Financial Group Incorporated, | ) | |
| a Minnesota corporation, | ) | |
| | ) | |
| Defendant. | ) | <u>Jury Demanded</u> |

## COMPLAINT

Plaintiffs, Patsy Smith and Heather Marlowe-Rea, bring this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendant's debt collection actions violated the FDCPA, and to recover damages for Defendant's violations of the FDCPA, and allege:

### JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) part of the acts and transactions occurred here; and, b) Defendant resides and transacts business here.

### PARTIES

3. Plaintiff, Patsy Smith ("Smith"), is a citizen of the State of Ohio, from whom Defendant attempted to collect a delinquent consumer debt, despite the fact that she was represented by the legal aid attorneys at the Chicago Legal Clinic's Legal Advocates for Seniors and People with Disabilities program ("LASPD"), located in Chicago, Illinois.

4. Plaintiff, Heather Marlowe-Rea ("Marlowe-Rea"), is a citizen of the State New York, from whom Defendant attempted to collect a delinquent consumer debt owed for a Fashion Bug account, despite the fact that she was represented as to this debt by the legal aid attorneys at LASPD, in Chicago, Illinois.

5. Defendant, Pinnacle Financial Group Incorporated ("Pinnacle"), is a Minnesota corporation that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts. Pinnacle operates a nationwide delinquent debt collection business and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois.

6. Defendant Pinnacle is licensed to conduct business in Illinois and maintains a registered agent here. See, record from the Illinois Secretary of State attached as Exhibit A.

7. Defendant Pinnacle is licensed as a collection agency in Illinois. See, record from the Illinois Division of Professional Regulation attached as Exhibit B.

## FACTUAL ALLEGATIONS

### Ms. Patsy Smith

8. Ms. Smith is a disabled senior citizen, with limited assets and income, who fell behind on paying her bills, including a debt she owed for a credit card. When Defendant Pinnacle began trying to collect this debt from Ms. Smith, she sought the assistance of legal aid attorneys at the Chicago Legal Clinic's LASPD program, regarding her financial difficulties and Defendant Pinnacle's collection actions.

9. On July 8, 2009, one of Ms. Smith's attorneys at LASPD wrote to Defendant Pinnacle to advise it that Ms. Smith was represented by counsel, and directing Pinnacle to cease contacting Ms. Smith, and to cease all further collection activities because Ms. Smith was forced, by her financial circumstances, to refuse to pay her unsecured debt. Copies of this letter and fax confirmation are attached as Exhibit C.

10. Disregarding this letter, Defendant Pinnacle continued to call Ms. Smith directly at her home in an attempt to collect the Fashion Bug debt.

11. Accordingly, on July 28, 2009, Ms. Smith's LASPD attorney had to send Defendant Pinnacle another letter, directing it to cease communications and to cease its collection attempts. Copies of this letter and fax confirmation are attached as Exhibit D.

**Ms. Heather Marlowe-Rea**

12. Ms. Marlowe-Rea is a disabled woman, with limited assets and income, who fell behind on paying her bills, including a debt for a Fashion Bug account. When Defendant Pinnacle began trying to collect the Fashion Bug debt from Ms. Marlowe-Rea, she sought the assistance of legal aid attorneys at the Chicago Legal Clinic's LASPD program, regarding her financial difficulties and Defendant Pinnacle's collection actions.

13. On February 21, 2009, one of Ms. Marlowe-Rea's attorneys at LASPD wrote to Pinnacle to advise it that Ms. Marlowe-Rea was represented by counsel, and directing it to cease contacting Ms. Marlowe-Rea, and to cease all further collection activities because Ms. Marlowe-Rea was forced, by her financial circumstances, to

refuse to pay her unsecured debt. Copies of this letter and fax confirmation are attached as Exhibit E.

14. Disregarding this letter, Defendant Pinnacle continued to call Ms. Marlowe-Rea directly at her home in an attempt to collect the Fashion Bug debt.

15. Accordingly, on May 7, 2009, Ms. Marlowe-Rea's LASPD attorney had to send Defendant Pinnacle another letter directing it to cease communications and to cease it collection attempts. Copies of this letter and fax confirmation are attached as Exhibit F.

16. All of the collection actions complained of herein occurred within one year of the date of this Complaint.

17. Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard. See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

**COUNT I**
**Violation Of § 1692c(c) Of The FDCPA --**
**Failure To Cease Collections**

18. Plaintiffs adopt and reallege ¶¶ 1-17.

19. Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications, and from continuing to demand payment of a debt that the consumer has indicated that they refuse to pay. See, 15 U.S.C. § 1692c(c).

20. Here, the letters from Ms. Smith's and Ms. Marlowe-Rea's agent, LASPD, told Defendant Pinnacle to cease communications and collections. By continuing to

4

communicate regarding these debts and demanding payment, Defendant Pinnacle violated § 1692c(c) of the FDCPA.

21. Defendant Pinnacle's violations of § 1692c(c) of the FDCPA render it liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

**COUNT II**
**Violation Of § 1692c(a)(2) Of The FDCPA --**
**Communicating With A Consumer Represented By Counsel**

22. Plaintiffs adopt and reallege ¶¶ 1-17.

23. Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address. See, 15 U.S.C. § 1692c(a)(2).

24. Defendant Pinnacle knew that Ms. Smith and Ms. Marlowe-Rea were represented by counsel in connection with their debts because the attorneys at LASPD had informed Defendant, in writing, that they were represented by counsel, and had directed Defendant to cease directly communicating with Ms. Smith and Ms. Marlowe-Rea. By directly calling Ms. Smith and Ms. Marlowe-Rea, despite being advised that they were represented by counsel, Defendant Pinnacle violated § 1692c (a)(2) of the FDCPA.

25. Defendant Pinnacle's violations of § 1692c(a)(2) of the FDCPA render it liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

Plaintiffs, Patsy Smith and Heather Marlowe-Rea, pray that this Court:

1. Find that Defendant Pinnacle's debt collection actions violated the FDCPA;

2. Enter judgment in favor of Plaintiffs, Smith and Marlowe-Rea, and against Defendant Pinnacle, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiffs, Patsy Smith and Heather Marlowe-Rea, demand trial by jury.

                                                Patsy Smith and Heather Marlowe-Rea,

                                                By: /s/ David J. Philipps
                                                One of Plaintiffs' Attorneys

Dated: September 22, 2009

David J. Philipps    (Ill. Bar No. 06196285)
Mary E. Philipps    (Ill. Bar No. 06197113)
Philipps & Philipps, Ltd.
9760 S. Roberts Road, Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com